United States District Court
for the
Southern District of Florida

| Elite Premium Finance, Inc., and | ) | |
|---|---|---|
| Security Premium Finance, Inc., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-24297-Civ-Scola |
| | ) | |
| Endurance Assurance Corporation | ) | |
| and Professional Underwriting | ) | |
| Group, Inc., | ) | |
| Defendants. | | |

## Opinion Order Granting Motion for Remand

Defendant Endurance Assurance Corp. ("Endurance") removed this case on October 17, 2018 asserting federal jurisdiction under 28 U.S.C. § 1332 (the "Notice," ECF No. 1). Now before the Court is a motion for remand filed by the Plaintiffs Elite Premium Finance Inc. and Security Premium Finance, Inc. (collectively, the "Finance Companies"). (the "Motion," ECF No. 11.) Upon review of the parties' submissions, the record and the relevant legal authorities, the Court **grants** the Motion (**ECF No. 11**) and **remands** this case.

1. **Background**

The Finance Companies filed this action in Florida state court on their own behalf and as assignees of nonparty Gloria Zoghbi's ("Zoghbi") rights under an insurance policy (the "Policy") issued by Endurance to her and Florida Insurance Agency of Miami, Inc. (collectively with Zoghbi, the "Assignors"). The complaint asserts claims for breach of contract and common law bad faith against Endurance based on its alleged failure to defend Zoghbi in a separate action brought by the Finance Companies against her individually. (Compl., ECF No. 1-1 at p. 4 ¶¶ 1, 2.) In the alternative, the Finance Companies bring two claims against Professional Underwriting Group, Inc. ("PUG"), the insurance broker that purportedly procured the Policy for the Assignors, for negligence and breach of fiduciary duty. PUG moved to dismiss in the state court, arguing that third-party Security Underwriting Managers Inc. ("SUM"), not PUG, was the Assignors' insurance broker or agent in the procurement of the Policy. (ECF No. 1-1 at p. 155.) Endurance timely removed asserting jurisdiction under the diversity statute. (ECF No. 1.)

Both plaintiffs are Florida citizens: The Finance Companies are Florida corporations with principal places of business in Miami-Dade County. (ECF No.

1-1 at ¶¶ 3, 4.) And the defendants are citizens of Delaware, New York and Florida: Endurance is a Delaware corporation with its principal place of business in New York, (ECF No. 1 at ¶ 9), and PUG is a Florida corporation with its principal place of business in Florida (*id.* at ¶ 10).

Despite the presence of Florida citizens on both sides of this case, Endurance nonetheless submits that complete diversity exists because PUG was fraudulently joined and its Florida citizenship should not be considered for jurisdictional purposes. (Not. of Removal, ECF No. 1 at pp. 3–7.) Specifically, Endurance argues that the claims against PUG have "no possibility" of success, largely mirroring PUG's argument for dismissal in the state court.

The Finance Companies timely sought remand, contesting Endurance's fraudulent joinder argument and requesting attorneys' fees and costs under 28 U.S.C. § 1447(c). (ECF No. 11.)

## 2. **Legal Standards**

Removal from state court to federal district court is only appropriate if the action is within the original jurisdiction of the federal court. 28 U.S.C. § 1441(a). Original jurisdiction exists when a civil action raises a federal question, or where the action is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction requires "complete diversity of citizenship" meaning no party on either side can be citizens of the same state. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990).

But "[f]raudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Under that doctrine, where a fraudulently joined party defeats diversity jurisdiction, "the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Henderson v. Wash. Nat'l. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006)).

The defendant, as the party invoking federal jurisdiction, bears the burden of demonstrating fraudulent joinder by clear and convincing evidence. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997); *Henderson*, 454 F.3d at 1281. This burden is a "heavy one" and is satisfied by a showing that "there is no possibility that the plaintiff can prove a cause of action against the resident defendant." *Henderson*, 454 F.3d at 1281; *Crowe*, 113 F.3d at 1538 (holding that "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it an arguable one under state law"); *see also Triggs*, 154 F.3d at 1287 (identifying two other circumstances, not invoked here, where fraudulent joiner may be found). "This consequence makes sense given the law that 'absent fraudulent joinder, plaintiff has the right to select the forum, to elect

whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination.'" *Crowe*, 113 F.3d at 1538 (quoting *Parks v. The New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962)).

Under the fraudulent joinder analysis, the Court resolves all factual allegations in a light most favorable to the plaintiff, but "only when there is an actual controversy." *Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005) (citation omitted). In doing so, Courts may consider the pleadings, affidavits and deposition transcripts submitted by the parties. *Crowe*, 113 F.3d at 1538. And, as always, "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

### 3. **Endurance Fails to Establish Fraudulent Joinder**

The complaint and Notice reveal the absence of complete diversity: PUG and the Finance Companies are all Florida citizens. As no federal question is claimed, the presence of jurisdiction in this case hinges on whether PUG was fraudulently joined.

In its Notice and opposition to the Motion, Endurance argues that PUG was fraudulently joined and that its citizenship should not be considered for jurisdictional purposes. (ECF Nos. 1, 17.) Specifically, Endurance argues that because PUG was not the Assignors' insurance broker for the Policy, there is "no possibility that the Finance Companies can prove a cause of action against PUG." (ECF No. 17 at p. 10.) In the Motion, the Finance Companies dispute Endurance's characterization of PUG, attach a sworn declaration stating that PUG was the Policy's broker, and argue that Endurance comes nowhere close to meeting its "heavy burden" of establishing fraudulent joinder. (ECF. Nos. 11, 20-1.) The Court agrees with the Finance Companies.

Endurance has not proven by clear and convincing evidence that there is "no possibility" that "a state court would find that the complaint states a cause of action against" PUG. *Triggs*, 154 F.3d at 1287. Florida law recognizes the right of an insured's assignee, like the Finance Companies, to assert claims for negligence and breach of fiduciary duty against an insurance broker. *See, e.g., Wachovia Ins. Servs., Inc. v. Toomey*, 994 So. 2d 980 (Fla. 2008). Despite this, Endurance argues that the Assignors' and Endurance's use of agents to negotiate and procure the Policy (PUG for Endurance, and SUM for the Assignors) renders PUG not a broker and its joinder fraudulent. (*See* ECF Nos. 17-1 (declaration of PUG describing the same), 17 at pp. 7–10.) But neither the Notice nor the opposition brief cite any authority to support this argument. (*See* ECF Nos. 1, 17 at pp. 7–10.) In other words, regardless of PUG's status as a broker, Endurance presents no legal basis for the Court to find by any

standard—let alone by *clear and convincing evidence*—that that fact is material under Florida law or that the claims against PUG have "no possibility" of success. *See Crowe*, 113 F.3d at 1538 (district courts are bound to "resolve any uncertainties about state substantive law in favor of the plaintiff"). This alone warrants remand. *See Florence v. Crescent Resources, LLC*, 484 F.3d 1293, 1295 (11th Cir. 2007) ("Applying the rule that any ambiguity or doubt about whether state law might impose liability on a resident defendant favors remand," and reversing district court's denial of remand motion that contested fraudulent joinder theory).

In any event, Endurance's factual arguments, even if material under Florida law, would not create jurisdiction here. Attached to the Finance Companies' reply brief is a declaration of SUM stating that PUG was the broker of the Policy. (ECF No. 20-1 at ¶ 8.) That statement conflicts with the core factual assertion underlying Endurance's jurisdictional argument: that "**PUG never served as FIA's insurance broker or agent in the procurement of the Policy**." (ECF No. 17 at p. 2 (emphasis in original).) Thus, whether PUG was a broker of the Policy is a disputed fact that the Court must resolve in favor of the Finance Companies. *See Legg*, 428 F.3d at 1323 (holding that when determining fraudulent joinder, "district court[s] must 'resolve all questions of fact in favor of the plaintiff.'" (quoting *Cabalceta v. Standard Fruit, Co.*, 883 F.2d 1553, 1561 (11th Cir. 2005))). Because Florida law recognizes the Finance Companies' right to assert its claims against brokers of the Policy, *Toomey*, 994 So. 2d at 981–82, remand is required so the Florida state court can determine any contested facts that are necessary for a decision on the merits. *See Crowe*, 113 F.3d at 1538 ("If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." (citation omitted)).

4. **An Award of Attorneys' Fees and Costs is Not Appropriate**

Finally, the Finance Companies seek attorneys' fees and costs under 28 U.S.C. § 1447(c). That statute authorizes such an award upon remand only when, in the Court's discretion, "the removing party lacked an objectively reasonable basis for seeking removal." *Bauknight v. Monroe Cty., Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006) (quoting *Martin v. Franklin Cap. Corp.*, 126 S. Ct. 704, 711 (2005)).

This is a very close case under section 1447(c), but the Court denies the request for attorneys' fees and costs. To be sure, Endurance's jurisdictional argument was thin—Endurance cited no authority to support its position that the claims against PUG had "no possibility" of success under Florida law. Nor

did it cite a single case finding fraudulent joinder on similar facts. Nevertheless, because the factual issues underlying Endurance's jurisdictional argument find some support in the record, were contested by the Finance Companies after removal and may support a colorable defense for PUG under Florida law, the Court does not find that Endurance "lacked an objectively reasonable basis" to remove this case. *Bauknight*, 446 F.3d at 1329. The Finance Companies' request for attorneys' fees and costs under section 1447(c) is therefore denied.

**5. Conclusion**

The Court **grants** the motion for remand (**ECF No. 11**). The Clerk is directed to **close** this case and take all necessary steps to ensure the prompt remand and transfer of this file back to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. All pending motions are **denied as moot**.

**Done and ordered**, in chambers, at Miami, Florida, on February 7, 2019.

_____
Robert N. Scola, Jr.
United States District Judge